UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SHEKERA C. o/b/o J.C.,[1] | **DECISION AND ORDER** |
| Plaintiff, | |
| | 6:20-cv-06668 (JJM) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____

This is an action brought pursuant to 42 U.S.C. §1383(c)(3) to review the final determination of the Commissioner of Social Security that J.C., a minor, was not entitled to Supplemental Security income ("SSI"). Before the court are the parties' cross-motions for judgment on the pleadings [12, 13].[2] The parties have consented to my jurisdiction [17]. Having reviewed their submissions [12, 13, 15], the Commissioner's motion is granted.

## BACKGROUND

The parties' familiarity with the 571-page administrative record [11] is presumed. Further, the parties have comprehensively set forth in their papers plaintiff's treatment and other records and the relevant medical evidence. Accordingly, I reference below only those facts necessary to explain my decision.

---

[1]  In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]  Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering.  All other page references are to the CM/ECF pagination (upper right corner of the page).

Plaintiff's mother filed an application for benefits on his behalf in July 2017, when plaintiff was four years old (he was born in October 2012), alleging a disability beginning on July 3, 2016, due to a speech delay and comprehension issues. Administrative Record [11] at 15, 18, 173.

An administrative hearing was held on September 6, 2019 before Administrative Law Judge ("ALJ") Connor O'Brien. Id. at 41-60 (transcript of hearing). At that time, plaintiff was six years old. Id. at 44. Plaintiff, who was represented by an attorney, and his mother testified. Id. at 45-56.

On February 5, 2020, ALJ O'Brien issued a decision finding that plaintiff had not been disabled as defined in the Social Security Act since the date of his application. Id. at 34. To reach that determination, ALJ O'Brien found that plaintiff's severe impairments were speech and language delays. Id. at 18. He also found that plaintiff's severe impairments did not meet the elements of a listed impairment, nor were they functionally equivalent to the severity of the listings. Id. at 19-34. Thereafter, this action ensued.

## DISCUSSION

In seeking remand for further administrative proceedings, plaintiff argues that ALJ O'Brien failed to support his analysis of plaintiff's limitations with substantial evidence in the domains of acquiring and using information, attending to and completing tasks, and interacting and relating with others. Plaintiff's Memorandum of Law [12-1] at 7-12. Specifically, plaintiff argues that ALJ O'Brien "only summarized and cited Plaintiff's functional report and questionnaire" to support his analysis and "did not cite any of the opinions in the record or explain how those opinions led to his domain findings". Id. at 8. In addition, plaintiff

argues that ALJ O'Brien's "error was compounded by [his] failure to consider the impact of [plaintiff's] supportive services". Id. at 9; Plaintiff's Response [15] at 1-3.

The Commissioner responds by pointing out the ALJ's consideration of the plaintiff's medical and other records in his analysis leading up to his conclusions for each functional domain, and demonstrating how ALJ O'Brien's conclusions were consistent with the medical and other evidence that he found persuasive. Commissioner's Memorandum of Law [13-1] at 8-18. To support his argument, the Commissioner reduces the ratings given in the teacher questionnaires in the record to a numerical average[3] in order to demonstrate that substantial evidence supports ALJ O'Brien's conclusions. Id. at 9-10, 13-14, 17. In addition, the Commissioner points out that plaintiff shoulders the burden of proof to demonstrate he has marked limitations in at least two functional areas, but has not sustained that burden. Id. at 7-8, 11-12, 14-16, 18. For the following reasons, I agree with the Commissioner.

**A.  Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938). "For SSI applications, the relevant period is between the date of the application and the date of the ALJ's decision". Leisten v. Astrue, 2010 WL 1133246, *1, n. 2

---

[3]  "The scale is a five-point scale: 1- no problem; 2- a slight problem; 3- an obvious problem; 4-a serious problem; and 5- a very serious problem. Tr. 288. Averaging the ratings from Ms. White, J.C. has a score of 2.0 equating to 'a slight problem.'" Commissioner's Memorandum of Law [13-1] at 8.

(W.D.N.Y. 2010).  Accordingly, the issue here is whether plaintiff was disabled between July 3, 2017 and February 5, 2020, the date of ALJ O'Brien's decision.

**B.      The Infant Disability Standard**

A claimant under 18 years of age is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that results in "marked and severe functional limitations . . . which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. §1382c(a)(3)(C). Under the applicable regulations, plaintiff must show that he is not working, that he has a "severe" impairment or combination of impairments, and that the impairment or combination of impairments is of listing-level severity - *i.e.*, medically or functionally equal to the severity of a listed impairment. 20 C.F.R. §§416.924(a)-(d).

Functional equivalence of limitations in children is evaluated in six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being.  20 C.F.R. §§416.926a(b)(1)(i)-(vi).  Marked limitations in two domains of functioning or an extreme limitation in one domain constitutes functional equivalence to a listed impairment. Id. §416.926a(d). Plaintiff challenges the ALJ's analysis in the following three domains: acquiring and using information, attending and completing tasks, and interacting with others. See Plaintiff's Memorandum of Law [12-1] at 7-12.

The SSA's regulations discuss the functional elements of each domain and describe the abilities assessed under each to determine if a child has a marked or extreme limitation, and provides some examples of possible limitations under each domain.  See 20 C.F.R. §416.926a.  A "marked" limitation in any domain exists when a claimant's

"impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." Id. §416.926a(e)(2)(i).

The domain of acquiring and using information encompasses learning and thinking, including learning to "read, write, do arithmetic, and understand and use new information" and applying and using the information you have learned. Id. §§416.926a(g)(1)(i) – (ii). Children aged 3 to 6 "should begin to learn and use the skills that will help [them] to read and write and do arithmetic when [they] are older", such as rhyming words, matching letters, counting, and coloring. Id. §416.926a(g)(2)(iii). Children aged 6 to 12 "should be able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing [their] own ideas, and by understanding and responding to the opinions of others". Id. §416.926a(g)(2)(iv). Examples of limited functioning in this domain include being unable to "demonstrate understanding of words about space, size, or time; e.g. in/under, big/little, morning/night", "difficulty solving mathematics questions or computing arithmetic answers" and "talk[ing] only in short, simple sentences and hav[ing] difficulty explaining what you mean". Id. §416.926a(g)(3).

The domain of attending and completing tasks encompasses how well a child is "able to focus and maintain [his] attention" and how well he or she is able to "begin, carry through, and finish" activities, "including the pace" at which he or she performs activities and the ease with which he or she transitions between activities. Id. §416.926a(h). Children aged 3 to 6 "should be able to pay attention when [they] are spoken to directly, sustain attention to [their] play and learning activities, and concentrate on activities like putting puzzles together or completing art projects". Id. §416.926a(h)(2)(iii). Children aged 6 to 12 "should be able to focus [their] attention in a variety of situations in order to follow directions, remember and

organize [their] school materials, and complete classroom and homework assignments". <u>Id.</u> §416.926a(h)(2)(iv).  Children with a limitation in this domain may, for example, "repeatedly become sidetracked from [their] activities", "frequently interrupt others", become "easily frustrated and give up on tasks", and "require extra supervision to keep [them] engaged in an activity".  <u>Id.</u> §416.926a(h)(3).

   The domain of interacting and relating with others concerns how well a child is able to "initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rule, respond to criticism, and respect and take care of the possessions of others".  <u>Id.</u> §416.926a(i).  Generally, this domain of functioning includes "speak[ing] intelligibly and fluently so that others can understand you" and "respond[ing] to others appropriately and meaningfully".  <u>Id.</u> §416.926a(i)(1)(iii).  Children aged 3 to 6 should be able to "play cooperatively with other children . . . without continual adult supervision" and "participate in conversations, using increasingly complex vocabulary and grammar, and speaking clearly enough that both familiar and unfamiliar listeners can understand what you say most of the time".  <u>Id.</u> §416.926a(i)(2)(iii).  Children aged 6 to 12 "should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand".  <u>Id.</u> §416.926a(i)(2)(iv).  Examples of limited functioning in this domain include "difficulty communicating with others; e.g., in using verbal and nonverbal skills to express yourself, carrying on a conversation, or in asking others for assistance" and "difficulty speaking intelligibly or with adequate fluency".  <u>Id.</u> §416.926a(i)(3).

C. **ALJ O'Brien's Analysis of Plaintiff's Functional Limitations is Supported by Substantial Evidence**

"Court review of the Secretary's findings is limited to assessing whether substantial evidence in the record supports those findings." Rivera v Sullivan, 923 F2d 964, 967 (2d Cir. 1991). Here, although the ALJ's analysis of the medical and other evidence in the record did not appear under the heading he included for each contested domain, ALJ O'Brien included in his decision significant analysis of the opinion and other evidence. Plaintiff does not challenge his analysis of the opinion evidence.

As an initial matter, I reject the Commissioner's attempt to reduce the teacher questionnaires to numerical averages of the severity of plaintiff's limitations in each contested functional domain. A plaintiff may have a "marked" limitations when his or her "impairment(s) limits only one activity". 20 C.F.R. § 416.926a(e)(2)(i). Nonetheless, I agree with the Commissioner that ALJ O'Brien's conclusions concerning the severity of plaintiff's impairment in each domain is amply supported by his analysis and consistent with evidence in the record. Accordingly, I find that ALJ O'Brien's decision is supported by substantial evidence.

ALJ O'Brien found that plaintiff has "no limitation" in the domains of acquiring and using information and attending and completing tasks, and a "less than marked" limitation in the domain of interacting and relating with others. Administrative Record [11] at 28-31. In support of his conclusions, he outlined the opinion and other evidence in the record, described how persuasive he found each opinion, and discussed which portions of the opinions he assessed were consistent with other evidence in the record.

For example, ALJ O'Brien discussed the opinions of claimant's first grade teacher, Loretta White, as expressed in a January 2019 teacher questionnaire. Id. at 287-94. Ms. White stated that plaintiff has an "obvious problem" in several skill areas identified under the

domains of acquiring and using information and attending and completing tasks, but no "serious" or "very serious" problems in any of the identified skill areas. Id. at 288-89. In other skill areas in these two domains, and in the domain of interacting and relating with others, Ms. White indicated plaintiff had "no problem" or a "slight problem". Id. at 288-90.

ALJ O'Brien found Ms. White's opinion to be "persuasive to the extent that she found that the claimant has no limitations and slight limitations in some domains". Id. at 24. However, he found that her opinion concerning any "obvious" problem was "not consistent" with plaintiff's "academic reports, which reveal that he is meeting expectations in several core subjects". Id. at 25, citing id. at 373-74, 381. The report cards that ALJ O'Brien cited show that, for the 2018-2019 school year, Ms. White assessed plaintiff with improvement in all academic areas through the third marking period, when she scored plaintiff's achievement as a 5 ("[m]eeting most of the standards") or a 6 ("[m]eeting the standards") in all of his core academic areas. Id. at 381 (see id. at 244 for a legible identification of the core subject areas). Further, Ms. White stated on plaintiff's report card for the third marking period that plaintiff "is making great strides in most of his core subjects". Id. at 381.

Plaintiff switched schools at the end of the 2018-2019 school year. Id. at 51. ALJ O'Brien also assessed the opinions of plaintiff's first grade teacher, Amber Adams, for May and June of 2019. Id. at 25, 325-33. Ms. Adams noted that plaintiff was in her class for only 2 months. Id. at 325. She indicated that plaintiff had an "obvious" or a "serious" problem in several skill areas under the domains of acquiring and using information and interacting with others, and an "obvious", "serious" or "very serious" problem in several skill areas under the domain of attending and completing tasks. Id. at 326-28. She noted her recommendation that plaintiff repeat first grade "due to being a young first grader, being new to our school and due to

his academic performance. He came in significantly below his peers in <u>all</u> subject areas". Id. at 326 (emphasis in original). In her report card, she scored plaintiff as "not meeting expectations" or "working to meet expectations" in every academic area. Id. at 296.

However, plaintiff showed significant improvement by the end of the first marking period of the following school year. At that time, Ms. Adams assessed plaintiff as either "working to meet expectations" or "meets expectations" in all but one academic area. Id. at 373-74. ALJ O'Brien found Ms. Adams' teacher questionnaire "persuasive to the extent that she found that the claimant has no limitations and slight limitations in some domains", but that her "opinions that the claimant has an obvious problems and serious problems in some areas of the domains, is less consistent with the evidence of record including the claimant's academic reports, which reveal that he is meeting expectations in several core subjects". Id. at 25, *citing* id. at 373-74, 381.

In addition, ALJ O'Brien discussed at length the "persuasive" opinion of the consultative speech and language pathologist, Marydel Wypych, who examined plaintiff in December 2019. Id. at 25-26, 568-71. After examining plaintiff and testing him to "assess receptive and expressive language skills", Ms. Wypych determined that plaintiff has "mild delays in his receptive and expressive language skills" that do "not demonstrate significant impairments in his receptive or expressive language abilities nor in his speech articulation". Id. at 570-71. She concluded that "the results of this evaluation" were "inconsistent with the claimant's allegations" and that plaintiff's "impairments may not necessarily affect his academic performance, life experiences, ability to be understood by others, or communication at an age-appropriate level". Id. at 571. ALJ O'Brien found Ms. Wypych's opinion "persuasive as it is consistent with her findings during her examination" and "consistent with the claimant's 2019-

2020 academic report card, which shows that he is meeting expectations in several core subjects". Id. at 26.

In addition, ALJ O'Brien discussed the persuasiveness of evidence in the record from state agency pediatric consultant Dr. J. Randall, plaintiff's kindergarten teacher, a committee on special education, and plaintiff's treating nurse practitioner. Id. at 22-23. He analyzed other evidence, including the testimony of plaintiff and his mother, and information from plaintiff's literacy and academic intervention specialists. Id. at 21-22.

ALJ O'Brien's analysis of all these sources, and his explanation of the persuasiveness of each opinion and its consistency with other evidence in the record, demonstrate that his findings concerning plaintiff's limitations in the challenged functional areas are supported by substantial evidence. I find that his analysis, read as a whole, satisfies his obligation "to construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached". Lopez obo Y.T. v. Commissioner of Social Security, 2020 WL 4504987, *2 (W.D.N.Y. 2020) (internal quotation omitted). Although there is evidence in the record that could support different findings, "there is substantial evidence to support the ALJ's decision. The Commissioner, not the Court, is responsible for weighing conflicting evidence." Pagan o/b/o Delgado v. Barnhart, 409 S.Supp.2d 217, 220 (W.D.N.Y. 2006).

Plaintiff argues that ALJ O'Brien failed "to consider the impact of his supportive services" and his "structured educational setting". Plaintiff's Memorandum of Law [12-1] at 9-10; *see also* Plaintiff's Response to the Commissioner's Brief [15] at 1-3. However, ALJ O'Brien's analysis demonstrates that he did consider the additional support plaintiff received. An ALJ's failure to separately discuss functional supports received by a plaintiff does not require remand so long as it is apparent from the decision that those supports were considered:

> "While the ALJ must consider this factor [*i.e.* a structured setting], the regulations do not direct the ALJ to explicitly discuss these factors in the decision. . . . However, courts have remanded when it is evident that the ALJ did not consider the effects of a structured setting. . . . In this domain, the ALJ's analysis was not confined to school records. The ALJ cited to medical records, plaintiff's testimony, school records and teacher reports in assessing how well J.B. focused and maintained attention. Even assuming that the ALJ failed to consider the impact of claimant's special education classes on his impairments in this domain, the ALJ's decision is nonetheless supported by substantial evidence."

Walker o/b/o J.B. v. Astrue, 2010 WL 2287566, *10 (N.D.N.Y. 2010).

ALJ O'Brien acknowledged that plaintiff received the services of a speech therapist at Head Start, and, in November 2019, of a literacy specialist and an academic intervention specialist. Id. at 22, 25. He noted that plaintiff did not have an individualized education program ("IEP"), and was not receiving special education services. Although plaintiff received some additional supports, he was placed in a regular education classroom. Id. at 25. Even if ALJ O'Brien's acknowledgement of the limited assistance plaintiff received were deemed insufficient to demonstrate that he considered he supports plaintiff received, there is substantial evidence in the record to support ALJ's conclusions, rendering harmless any error. *See* Hudson o/b/o S.G. v. Astrue, 2009 WL 1212114, *7 (N.D.N.Y. 2009) ("[a]lthough the ALJ did not analyze the impact of Claimant's structured educational environment as to her limitations with respect to this domain, the ALJ's decision was also supported by standardized test results and the opinion of Claimant's treating psychiatrist. As such, this Court finds that this particular aspect of the ALJ's decision was supported by substantial evidence").

-12-

## CONCLUSION

For these reasons, the Commissioner's cross-motion [13] is granted, and plaintiff's motion [12] is denied.

**SO ORDERED**.

Dated: September 2, 2022

                                                  /s/ _____
                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge